**CORNELL v. AUGAITIS et.**

Common Pleas Court, Montgomery County.

No. 105827.   Decided November 25, 1953.

John W. Hardwick, Columbus, for appellant.

## OPINION

By McBRIDE, J.

This matter is before the court on the record and the appeal filed by the Administrator of the Bureau of Unemploy-

ment Compensation pursuant to former §1346-4 GC. The appellant states that the decision of the Referee and the Board of Review was in error in the following respects:

"1. In failing to find that claimant quit his work to accept full time employment pursuant to an actual bona fide offer of employment from another employer, within the provision of §1345-8e GC, when claimant terminated employment with Delco Products Division of General Motors Corporation and started working for the Patterson Distributing Company.

"2. In holding that the portion of §1345-8e GC reading 'in the event that an individual quits his work to accept full time employment pursuant to an actual bona fide offer of employment from another employer and is paid wages by such employer equal to ten times his weekly benefit amount,' means that the 'employment' therein he must accept means employment subject to the Unemployment Compensation Act, and the 'employer' therein means an employer subject to the Unemployment Act.

"3. In reversing the Administrator's initial determination of claim dated March 5, 1952.

"4. In finding that claimant was not in employment while working for the Patterson Distributing Company, and that the Patterson Distributing Company was not an employer."

Sec. 4141.30 R. C. (§1345-8e GC) provides:

"If an individual became unemployed under circumstances described in sub-section (1), (4), (8) or (11) of §1345-6c GC of the unemployment compensation act, then any wages paid to such individual during his base period by the employer. from whom such individual became unemployed under circumstances described therein, shall be excluded from the computation in determining total benefits payable * * *."

Sec. 4141.29(C) R. C. (§1345-6c GC), provides in subsection (1) as follows:

"Notwithstanding the provisions of subsection (a) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual:

"(1) quit his work without just cause or has been discharged for just cause in connection with his work. The provision of this subsection shall not apply to the separation from employment of a person for the purpose of entering the armed forces of the United States."

The referee found that claimant quit work without just cause. His finding in that respect is as follows:

"The facts in this case indicate that on November 9, 1951, claimant quit his work at Delco Products. The only reason

for his quitting was to work as a commission salesman. Apparently the claimant prefers to work as a salesman rather than as an inspector, although he has considerable experience as an inspector. It is difficult to find that claimant had any prospects of bettering himself by this change of work. In order to justify quitting one's work, one must show that he acted reasonably under the circumstances. It does not seem reasonable for claimant to have quit his work at Delco without any notice in order to work at a job with little prospects of advancement. It is therefore concluded that on November 9th, 1951, claimant quit work without just cause."

The failure to give notice of termination of employment may be significant in situations in which a claimant fails to accept work, however, the statute refers to the cause of the separation and not the method. Failure to give notice is a handicap in seeking re-employment but it is not a disqualification under the act.

In this case, a factory inspector voluntarily quit work to engage in the sale of a product entirely on commission basis. While selling he was master of his own time and efforts and was not engaged in an occupation subject to the unemployment act. He earned commissions equal to ten times his established weekly benefit. The sale and promotion of the product was unsuccessful and he discontinued this activity and applied for compensation.

All unemployed individuals do not receive benefits under the unemployment compensation act. It is equally true that a claimant with sufficient credits may have them erased by a disqualifying separation. When an individual in any protected system of employment separates from his employer, he removes himself from benefits inherent in the system. If he wishes to maintain earned or accumulated rights, his separation must be accomplished according to some condition expressly provided to protect his rights.

The unemployment system was enacted to protect the workman, the laborer and others dependent upon the acceptance of their services by others in the customary relationship of employer and employee. The old term of master and servant is no longer as acceptable, but it covers the same situation. The purpose and intent of the legislature to protect such parties is plain and clear.

When an individual quits work to enter an activity for himself, he ceases to be an employee. He becomes a principal working for himself, when and as he pleases. His right to do so is inherent in our system of government, but in exercising that right, such individual may not, at least under the

present statutes, rely upon benefits of a public fund set aside for the protected group of which he is no longer a member. It is immaterial in this situation whether the individual works for himself or undertakes to sell exclusively on commission with no obligation to devote any number of hours to this activity.

The only comment we have located on this subject appears in an article entitled, "Disqualification: Discharge for Misconduct and Voluntary Quit," by Edwin R. Teple, appearing in 10 Ohio State Law Journal 202:

"By way of contrast, quitting one job to accept another, to engage in self-employment, or merely to get a change of scenery, normally is considered neither to amount to good cause connected with claimant's work nor to good personal cause. When the new job fails to materialize or the new venture falls through and the individual finds himself without a job and tries to claim benefits, he is faced with disqualification. Such changes apparently are considered to be at the claimant's own risk." See cases cited.

Accordingly it is the conclusion of this court that a wage earner who voluntarily quits his employment and accepts a sales job with compensation exclusively on a commission basis and with no obligation to devote full time to such new activity is disqualified from earned benefits under §4141.29(C) **R. C.** (§1345-6c **GC**) of the unemployment compensation act.

The remaining questions set forth in the notice of appeal relate to the last sentence of §4141.30(E) **R. C.** (§1345-8e **GC**) amended in 1951 which provides,

"In the event that an individual quits his work to accept full-time employment pursuant to an actual bona fide offer of employment from another employer and is paid wages by such employer equal to ten times his weekly benefit amount, no disqualification shall apply under this section as a result of such quitting."

The terms used are otherwise defined in the act.

The revised code requires the construction set forth "unless the context otherwise requires," which at first appears to be a modification of the former expression, "except where the context clearly shows otherwise." Without delving into the origin of this distinction, the intent of the legislature appears to be the same.

The term "employment" is defined as service performed for wages. **Sec. 4141.01(B) R. C.** (§1345-1c **GC**). The term employment expressly excludes service performed by one on a commission basis, and who in the performance of the work is master of his own time and efforts, and whose remunera-

tion is wholly dependent on the amount of effort he chooses to expend. **Sec. 4141.01(B) (2) (g) R. C. (Sec. 1345-1cD7 GC).** Wages are defined as all compensation, including commissions and bonuses and the cash value of any medium other than cash, paid to an employee with respect to his employment. **Sec. 4141.01(G) and (H) R. C. (Sec. 1345-1e and f GC.)**

The referee discussed the problem in his decision:

"There is some question whether claimant met the requirements of the first two elements. However, if we concluded that claimant did meet those two requirements we still have the question of whether claimant was offered employment by another employer. In deciding this latter point it must be determined whether the word 'employment' and 'employer' are to be defined as they are in the Unemployment Compensation Act, or in a more general sense, i. e., does 'employment' mean employment subject to the Unemployment Compensation Act, and does 'employer' mean employer subject to the Unemployment Compensation Act? **Sec. 1345-1 GC,** reads in part as follows:

" 'The following terms in the unemployment compensation act shall be construed as follows (except where the context. **clearly** shows otherwise) : * * *.' " (Emphasis added.)

"The law then goes on to define 'employer' and 'employment.' Since the context of §1345-8e GC, does not clearly show otherwise, it must be concluded that employment and employer are to be construed as they are defined in the Unemployment Compensation Act. If another definition was used in this case, it would result in claimant having failed to remove the suspension of benefit rights as pointed out in Issue, by having base period wages from the same employer included in the computation of total benefits payable Such a result would seem to be contrary to the intent expressed by the Legislature. The facts of this case clearly show that claimant was not in employment while working for the Patterson Distributing Company, and that the Patterson Distributing Company was not an employer within the meaning of the Unemployment Compensation Act.

"It is therefore concluded that claimant did not quit his work to accept fulltime employment pursuant to an actual bona fide offer of employment from another employer, and all base period wages paid claimant by Delco Products Division, GMC, must be excluded from the computation of his total benefits payable."

Salesmen employed on a commission basis are wholly and completely excepted from the status of employment for the purposes of coverage by the act. **American Life & Accident**

Insurance Co. v. Jones, Adm'r, 152 Oh St 287, 89 N. E. 2d 301, 14 A. L. R. 2d 815.

Even under a general as well as liberal interpretation, the words used in §4141.30(E) R. C. (§1345-8e GC) require an obligation to devote full, rather than part, time work for another. And they require a relationship between one individual and another of employer and employee.

Accordingly it is the opinion of the court that the last sentence of §4141.30 R. C. (§1345-8e GC) does not remove the disqualification resulting from a voluntary quitting without just cause where the employee accepts a sales job with compensation exclusively on a commission basis and with no obligation to devote full time to such new activity.

Nothing in the context of the last sentence of §4141.30 R. C. (§1345-8e GC) requires a construction of the term "fulltime employment" other than eliminating employment exclusively on a commission basis where there is no obligation to devote full time to the occupation. Whether or not the terms "employment" alone or "employer" are used in the meaning restricted by §4141.01 R. C. (§1345-1 GC) is not decided.

The appeal of the Administrator is accordingly dismissed.